```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,          :
                                                              :
           -v-                                        :
                                                              :                        1:17-cr-290-GHW
MIGUEL GUZMAN,                            :
                                    Defendant.    :                               ORDER
                                                             ::
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On May 3, 2020, Miguel Guzman filed a motion for a reduction in his sentence or for compassionate release (the "Motion"). Dkt. No. 599. The Court sentenced Mr. Guzman to the mandatory minimum sentence of five years on January 4, 2019. Dkt. No. 452. According to his Motion, Mr. Guzman had served approximately 58% of that sentence at the time of the submission of his Motion.

      The Court must deny the motion because Mr. Guzman has not yet satisfied the statutory preconditions to the relief that he seeks. 18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added). The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied. Congress' intent is best discerned from the text of the statute that it passed, and the clear and unmistakable language of the statute prohibits the Court from taking action except upon satisfaction of the

conditions laid out in it. Because the statute expressly bars the court from taking action absent satisfaction of those conditions, it is unlike the administrative exhaustion requirement evaluated by the Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986).

Here, the Motion acknowledges that Mr. Guzman has not satisfied the statutory exhaustion requirements. Motion at 3. From the facts presented to the Court, the details of his request for compassionate release are unclear. The Motion asserts that Mr. Guzman "petitioned FCI Danbury for release on or about April 17, 2020." Motion at 3. However, there is no affirmation regarding the timing or manner of that request, or to whom it was directed. Counsel for Mr. Guzman affirms that she made a request to the warden of FCI Danbury on Mr. Guzman's behalf on April 23, 2020. The Court does not take a position regarding the date on which the statutory exhaustion requirement began to run at this time. Regardless of whether Mr. Guzman made his application on April 17, 2020 or April 23, 2020, he has not satisfied the statutory preconditions to this motion.

As a result, the Motion is denied without prejudice to renewal following satisfaction of the statutory preconditions. The Court declines to hold the Motion in abeyance pending satisfaction of the statutory preconditions, as requested by Mr. Guzman for two principal reasons. First, the Bureau of Prisons (the "BOP") may make an application during the statutory period, in which case, Mr. Guzman's motion would not be germane. Second, the Court does not anticipate that substantial efficiencies will result from holding this motion in abeyance, rather than denying it without prejudice. The Court does not expect that it will "prepare to issue a decision on the merits on [May 17, 2020]," while awaiting the BOP's decision, as requested by Mr. Guzman. Motion at 22. In the event that Mr. Guzman properly brings a motion to the Court, the Court anticipates that it will request responsive briefing from the United States before acting on the application.

While the Court denies the Motion, the Court encourages the BOP to act promptly in

response to Mr. Guzman's application for the submission of a compassionate release motion on his behalf.  The Court requests that the United States alert the Court and the defendant if it determines that the BOP will be unable to act upon any such request within the 30 day statutory period.  In such an event, the Court encourages the United States to consider waiving the statutory exhaustion requirement.

Moreover, the Court understands that the BOP is undertaking a comprehensive review of prisoners who are eligible for home release in response to the COVID-19 pandemic.  *See* Memorandum from Attorney General William P. Barr to the BOP, dated March 26, 2020; and Memorandum from Attorney General William P. Barr to the BOP, dated April 3, 2020.  The Court has not independently evaluated this information, but according to the Motion, Mr. Guzman will be eligible for release to a halfway house on April 15, 2021—less than a year from today.  The Court respectfully requests that the BOP consider whether Mr. Guzman is eligible for home release pursuant to the Attorney General's guidance.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 480.

SO ORDERED.

Dated:  May 4, 2020

_____
GREGORY H. WOODS
United States District Judge